## In Re Anonymous No. 51 D.B. 85

Disciplinary Board Docket No. 51 D.B. 85.

To The Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania:

KECK, *Member,* March 7, 1986—Pursuant to Rule 208(d)(2)(iii), Pa.R.D.E. the Disciplinary Board of the Supreme Court of Pennsylvania submits this report on the above-captioned matter.

## I. HISTORY OF PROCEEDINGS

Respondent was born in 1935. He was admitted to the practice of law in Pennsylvania in 1962. He practiced law without being subject to discipline from 1962 until he was suspended by order of the Supreme Court of Pennsylvania, June 11, 1985. His law practice included service from 1970 to 1980 as House Counsel for [A] Insurance Company.

In 1974, following a heart attack, he decided to phase out his practice of law and engage in some other activity. Accordingly in 1979 he and his wife bought a [B] ice cream store franchise and in 1980 they bought a second one. In 1980, respondent retired from [A] Insurance Company and concentrated his efforts on managing the ice cream stores. He employed a succession of accountants to keep financial records, prepare tax returns, etc.

In October, 1983, the accountant then in his employ informed respondent that Pennsylvania State Sales Tax returns had not been filed for several months and that no sales tax had been remitted. The accountant prepared the returns, which were filed. Taxes were not remitted because respondent did not have sufficient funds.

On August 31, 1984, respondent was charged in [ ] County Court with 14 counts of failure to file Pennsylvania State Sales Tax returns and 14 counts of failure to remit Pennsylvania State Sales Tax. On December 17, 1984, respondent was found guilty by jury of 13 counts of failure to file and 13 counts of failure to remit [the statute of limitations had tolled on two counts]. On April 23, 1985, respondent was

sentenced to pay a fine of $50, to pay costs, to make restitution and to serve concurrent prison terms of from one month to 12 months on each of 13 counts of failure to file and was sentenced similarly on each of 13 counts of failure to remit.

Respondent paid the taxes but no interest or penalty on March 28, 1985.

Respondent served two months in [ ] County Prison from May 6, 1985 to July 6, 1985. He was released on parole with the conditions that he maintain employment and pay fines, costs and restitution prior to expiration of the maximum term, May 5, 1987.

Respondent was suspended from the practice of law, June 11, 1985 by order of the Supreme Court of Pennsylvania pursuant to Rule 214(d) Pa.R.D.E., and the matter was referred to the Disciplinary Board to determine the extent of final discipline to be imposed.

A petition for discipline was filed July 17, 1985. A hearing was held October 16, 1985 before hearing committee [ . ] composed of [ ]. Petitioner submitted as evidence documents relating to respondent's conviction, parole and suspension. Respondent, appearing pro se, testified on his own behalf.

Respondent testified as follows: He had employed a succession of accountants to handle financial records, prepare tax returns, and notify him of tax amounts due. About October 1983, the accountant then in his employ informed him that Pennsylvania State Sales Tax returns had not been filed and taxes had not been paid for several months. Thereupon the accountant prepared returns showing a total tax liability of about $18,000. The returns were filed but no taxes were remitted because respondent did not have sufficient funds. In consequence, criminal charges were filed. About March 1, 1985 the Com-

pliance Division notified respondent that his liability amounted to $18,410.31 taxes, $7,682.44 penalty, and $5,002.06 interest. On March 28, 1985 he paid the full amount of tax due, but no penalty or interest. Respondent estimated his total liability including fines and costs to be $15,000 in round numbers, and stated that he was paying it off at the rate of $200 or more per month. Respondent testified that he had been hospitalized for a small portion of the period during which no tax returns were filed. He acknowledged that the responsibility for filing returns and paying taxes was his.

Hearing committee [  ] concluded that respondent violated D.R. 1-102(A)(3) which prohibits "illegal conduct involving moral turpitude;" D.R. 1-102(A)(4) which prohibits "conduct involving dishonesty, fraud, deceit, or misrepresentation;" D.R. 1-102(A)(5) which prohibits "conduct that is prejudicial to the administration of justice;" D.R. 1-102(A)(6) which prohibits "conduct that adversely reflects on his fitness to practice law;" and Rule 203(b)(1) Pa.R.D.E. which provides that "conviction of a crime which under enforcement Rule 214 may result in suspension" is a ground for discipline.

Hearing committee [  ] recommended that respondent be suspended "for a period that corresponds with the period of probation imposed by the Court of Common Pleas of [  ] County but no longer than May 5, 1987."

The matter was adjudicated by the Disciplinary Board January 23, 1986.

## II. FINDINGS OF FACT

1. Respondent was born in 1935.

2. Respondent was admitted to the practice of law in 1962 and practiced from that time until June 11, 1985 when he was suspended.

3. Respondent and his wife own two [B] ice cream store franchises for the management and administration of which respondent was responsible.

4. About October 1983, respondent filed 14 delinquent State Sales Tax returns which initiated a criminal investigation.

5. On December 17, 1985, respondent was convicted of 13 counts of failure to file Pennsylvania State Sales Tax returns and 13 counts of failure to remit Pennsylvania State Sales Tax.

6. Respondent received a statement showing that on March 1, 1985 he owed $18,410.31 taxes, $7,682.44 penalty, and $5,002.06 interest.

7. On March 28, 1985, respondent paid the full amount of tax due.

8. Respondent was sentenced to pay fines of $50 to pay costs, and restitution on each of 26 counts and to serve from two to 24 months in [   ] County Prison.

9. Respondent served two months in [   ] County Prison and was released on parole July 6, 1985 with conditions that he maintain employment and pay fines, costs, and restitution before expiration of the maximum sentence, May 5, 1987.

10. Respondent estimates his liability for fines, costs, and restitution to be $15,000 in round numbers which he is paying off at the rate of about $200 per month.

11. The crimes of which respondent was convicted were not related to his practice of law.

## III. DISCUSSION

Pursuant to Rule 203(b)(1) Pa.R.D.E.; respondent's conviction provides grounds for discipline.

Pursuant to Rule 214 (f) Pa.R.D.E.; the only responsibility of the Disciplinary Board is to determine the extent of final discipline to be imposed.

In accord with past recommendations respecting lawyers who have been under sentence by a court, the Disciplinary Board makes the following recommendation.

## IV  RECOMMENDATION

That respondent be suspended from the practice of law from June 11, 1985 until the expiration of his probation and parole, and that he be ordered to pay the costs incidental to the prosecution of the case.

Messrs. Elliott, Mundy and Padova did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this April 14, 1986, upon consideration of the recommendation of the Disciplinary Board dated March 7, 1986, it is ordered that [respondent] be and he is suspended from the Bar of the Commonwealth for a period of two years commencing June 11, 1985, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Zappala and Mr. Justice Papadakos dissent and would accept the recommendation of the Disciplinary Board.